IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TALLY ANN ROWAN,

                Plaintiff,                ORDER

     v.                                                09-cv-420-slc

MARTY ORDINANS,

                Defendant.

---

Plaintiff has filed a letter dated April 3, 2010, that I construe as a motion for an extension of her legal loan limit and to be allowed additional access to the law library. I am denying these requests.

As an initial matter, there is no indication that plaintiff sent a copy of her letter to Jody Schmelzer, counsel for the defendant. In the future, the court will not consider in any fashion any paper plaintiff files in this case unless plaintiff shows that she mailed a copy to Assistant Attorney General Schmelzer as required by Fed. R. Civ. P. 5.

With regard to plaintiff's assertions that she needs an extension of her legal loan privileges and additional access to the law library, I cannot find that these matters constitute cause for finding that she is being prevented physically from pursuing this lawsuit. Plaintiff states that she has several cases in county, state and federal court and that she needs to mail materials out for "postage, copies & service." Additionally, plaintiff states that she is supposed to be allowed one hour per week on Lexis/Nexis, but she has only received one hour this month.

Under Wis. Admin. Code § DOC 309.51, an inmate's "loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents." Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter for this court to decide. In *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit held that the Constitution does not require the state

of Wisconsin to subsidize the costs of plaintiff's lawsuit. I will not order the state of Wisconsin to lend prisoners more money than they are authorized to receive under § DOC 309.51.

In any event, plaintiff has not indicated that she has made an application to the institution for an extension of her legal loan limit. This may be a course of action she wishes to pursue. The very fact that plaintiff's current submission was posted and mailed to the court leads me to conclude that plaintiff *is* able to communicate with this court despite limitations on her legal loan privileges and lack of ability to visit the law library. Plaintiff will have to do the best she can with the limited resources she has. If this means that he has to hand-copy her filings rather than have them photocopied, then this is what she will have to do.

Regarding plaintiff's request that the court order the institution to allow plaintiff additional law library time, if plaintiff is asking for additional time so that she may conduct research, that is not necessary. Plaintiff should be focusing on the facts of her case and not on legal argument. The applicable statutes and case law that govern the claims in plaintiff's complaint were explained in Judge Crabb's August 21, 2009 order granting plaintiff leave to proceed in this case. I strongly encourage plaintiff to focus now on preparing her opposition to defendant's motion for summary judgment, which is due May 5, 2010.

ORDER

IT IS ORDERED that plaintiff's motion for a legal loan extension and to be allowed additional access to the law library, dkt. 37, is DENIED.

Entered this 23rd day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge