IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TALLY ANN ROWAN,

                Plaintiff,                OPINION AND ORDER

v.

                                              09-cv-420-slc

MARTY ORDINANS,

                Defendant.

---

In this lawsuit brought pursuant to 42 U.S.C. § 1983, plaintiff Tally Ann Rowan is proceeding on her claim that defendant Marty Ordinans failed to intervene to stop the violation of her constitutional rights under the Eighth Amendment while she was confined at the Pierce County Jail. Now before the court is Ordinans's motion for summary judgment, dkt. 23. On March 24, 2010, I granted Rowan an extension until May 5 to file her opposition to the motion. Dkt. 32. On April 30, Rowan filed a second motion for an extension of time, dkt. 40, and a motion for copies of paper work, dkt. 42. However, because Rowan filed her opposition on May 5, those motions will be denied as moot.

Unfortunately, Rowan's summary judgment response does not comply with the instructions on filing submissions related to summary judgment that she received with the October 16, 2009 Preliminary Pretrial Conference Order. As explained in the Procedure to be Followed on Motions for Summary Judgment, a party opposing summary judgment must file a brief with opposing legal arguments, a response to the movant's proposed findings of fact and evidentiary materials to support the factual propositions. Procedure, II.A.1-3. The party is to propose each fact in a separate paragraph and support that fact with admissible evidence, such as an affidavit. Procedure, I.C. and II.D.1-2. Rowan submitted a brief but failed to respond to Ordinans's proposed facts or submit an affidavit. In her brief, Rowan sets forth many of the

obstacles that she has faced in opposing Ordinans's motion for summary judgment. However, I am not persuaded that she could not have submitted an affidavit in support of her claims and in opposition to Ordinans's motion for summary judgment. Rowan has had sufficient time to comply with this court's procedure in opposing summary judgment but has failed to do so. Therefore, I must conclude that the facts proposed by Ordinans are undisputed to the extent that they are supported by admissible evidence. After reviewing the undisputed facts, I find that because a reasonable jury could not conclude that Ordinans failed to intervene to stop a violation of Rowan's Eighth Amendment rights, he is entitled to summary judgment.

The following material facts are undisputed for the purposes of deciding the motion for summary judgment:

FACTS

At all times material to this action plaintiff Tally Ann Rowan was confined at the Pierce County Jail in Ellsworth, Wisconsin. She is currently confined at the Taycheedah Correctional Institution. Defendant Marty J. Ordinans is employed by the Wisconsin Department of Corrections, Office of Detention Facilities as a Corrections Services Supervisor.

The Department of Corrections has statutory responsibility for the regulation and oversight of all local detention facilities, including county jails. The Department of Corrections has delegated the responsibilities of annual inspections of county facilities to the Office of Detention Facilities. The focus of these inspections is to ensure that the facilities are in compliance with the requirements set forth in Wisconsin Administrative Code Chapter DOC 350, including inmate classification and housing, safety and security practices, health care, high risk supervision, records and reporting, jail maintenance, sanitation, prisoner care, inmate

services and food service.  Detention facilities inspection specialists conducted annual inspections of Pierce County Jail in 2007, 2008 and 2009.  The resulting inspection reports indicated that the facility complied with all of the health care requirements in the administrative code.

The Office of Detention Facilities also is responsible for investigating complaints, deaths, suicides and other incidents that occur in local detention facilities.  When investigating medical care complaints, the office is responsible for ensuring that proper resources are available to provide inmates with adequate medical care, proper procedures are in place to address inmates' health concerns and jail staff follow the procedures.  The office dose not employ medical professionals who could assess specific medical treatment protocols.

On April 6, 2009, while Rowan was confined at the Pierce County Jail, she wrote to the Department of Corrections complaining that she was not being provided proper medical care, was kept in the same clothes without being allowed to shower, was not allowed a telephone call to an attorney and was being denied access to legal materials.  She also stated that she needed new glasses.  On May 6, 2009, Rowan sent a second letter complaining that she was not being provided proper medical care or access to federal court information.  She further wrote that she was being abused by staff and inmates, not receiving a proper diet and required to take showers at a specific time.

On May 26, 2009, Ordinans sent Rowan a letter stating that he would contact the Pierce County Jail and respond to the issues raised in her letters.  On June 1, 2009, Ordinans spoke to Pierce County Jail Administrator Mike Kroll and Jail Nurse Judy Ortwerth, who was working in the health services unit at the jail.  Specifically, Ordinans discussed Rowan's heath care concerns with Ortweth, who informed him that because inmates were assessed a co-pay fee when they see

a nurse, Rowan limited her requests to see the nurse. Ortweth also told Ordinans that Rowan would not be denied treatment for lack of funds, was being provided a diabetic diet as ordered by the jail's physician and approved by a registered dietician and could choose a pair of glasses from a collection of eyeglasses at the jail. She stated that Rowan had not been denied showers but confirmed that showers were available only at specific times. Finally, Ortweth informed Ordinans that hygiene items were provided to inmates who could not afford to purchase them from the canteen. Kroll advised Ordinans that Rowan had access to statute books and other legal reference materials even though she had been in lockdown status due to her inability to follow jail rules and interact appropriately with staff and other inmates. After these discussions, Ordinans concluded that the jail had adequate systems in place to address Rowan's concerns. He also concluded that Rowan was receiving proper medical treatment in accordance with health care standards and practices.

 On June 1, 2009, Ordinans wrote Rowan, informing her of his discussions with Kroll and Ortwerth. He stated that the jail was providing her with access to health care services and ensuring that she had a diabetic diet. He explained that the jail had provided her with access to statute books and other appropriate materials as requested and that she would have to take her showers at the times scheduled by the jail. Later in June 2009, Ordinans received two letters from Rowan in which she continued to complain about her confinement at the Pierce County Jail. He responded to these letters, informing Rowan in his last response that because she had referred to him in a disparaging manner in one of her letters, he could no longer be of assistance to her.

OPINION

A.  Summary Judgment Standard

Summary judgment is proper where there is no showing of a genuine issue of material fact in the pleadings, depositions, answers to interrogatories, admissions and affidavits, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "'A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007) (quoting *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005)). In determining whether a genuine issue of material facts exists, the court must construe all facts in favor of the nonmoving party. *Squibb v. Memorial Medical Center*, 497 F.3d 775, 780 (7th Cir. 2007). Even so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

B.  Eighth Amendment

The Eighth Amendment requires the government to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Conditions of confinement that "involve the wanton and unnecessary infliction of pain," deny a prisoner "the minimal civilized measure of life's necessities" or that are "grossly disproportionate to the severity of the crime warranting

imprisonment" are unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A state official may be held liable for a constitutional violation if he knows about it, has the ability to intervene and fails to act in deliberate or reckless disregard of the inmate's constitutional rights. *Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004).

By moving for summary judgment in this case, Ordinans challenged Rowan to produce evidence from which a reasonable jury could find in her favor. *Johnson v. Kingston*, 292 F. Supp. 2d 1146, 1152-53 (W.D. Wis. 2003). Therefore, to prevail, Rowan has to demonstrate that she was subjected to conditions of confinement that violated the Eighth Amendment and that Ordinans knew about the violations, had the ability to intervene and acted in deliberate or reckless disregard of her rights. She has failed to do this. Although Rowan alleged in her complaint that she was denied proper medical care for serious medical conditions, she did not adduce any evidence to support that claim or dispute Ordinans's affidavit that she was receiving medical treatment for her conditions. In addition, she has not submitted any evidence showing that the conditions of her confinement violated the Eighth Amendment. The undisputed facts before the court show that when Rowan complained to Ordinans, he investigated her complaints and talked to the jail administrator and nurse. Given their responses, he was convinced that Rowan was receiving adequate medical care. Further, the annual jail inspections performed by his office indicated that the jail was in compliance with statutory requirements. There is no evidence indicating that Ordinans ignored Rowan's complaints. Instead, he took her complaints seriously, spoke with responsible officials and after gathering further information, concluded that intervention was unnecessary.

In sum, a reasonable jury could not conclude from the undisputed facts that Ordinans's failure to do more for Rowan constituted deliberate indifference or a reckless disregard of her constitutional rights, especially given that Rowan has not even shown that her Eight Amendment rights were violated. Accordingly, Ordinans is entitled to summary judgment and his motion will be granted.

ORDER

IT IS ORDERED that:

(1) The motion for summary judgment by defendant Marty Ordinans, dkt. #23 is GRANTED;

(2) Plaintiff Tally Ann Rowan's motions for an extension of time , dkt. #40, and for paperwork to be provided her, dkt. #42, are DENIED as moot; and

(3) The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 30th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge